**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-cv-00937-EWN-MEH

CODIEJO APODACA, now known as CODIEJO MARTINEZ and
MICHELLE I. CARLTON,

       Plaintiffs

v.

ALLSTATE INSURANCE COMPANY, an Illinois company and
SANDRA H. PERKINS,

       Defendants.

---

## STIPULATED PROTECTIVE ORDER
_____

The Court being advised of the agreement of the parties to the entry of this Stipulated Protective Order, IT IS HEREBY ORDERED THAT:

1. This Stipulated Protective Order shall apply to all discovery in the above-captioned litigation (the "Litigation") by the parties thereto. This Stipulated Protective Order is entered into for the purpose of expediting the Litigation and facilitating the production of relevant documents and materials by limiting and/or eliminating disputes over whether the documents should be withheld from production pursuant to F.R.C.P. 26(c)(7).

2. In connection with discovery proceedings in the Litigation, any party to the Litigation shall have the right to designate as "Confidential" any testimony, documents, and other material containing confidential information, the disclosure of which in a manner other than that specified herein and that the party making the confidential designation (the "Designating Party") in good faith believes would present a significant risk of injury to the legitimate privacy interests of the disclosing party or a significant risk of injury to any other interest cognizable under

1

F.R.C.P. 26(c)(7) ("Confidential Information"). Such Confidential Information is limited to information the designating party in good faith determines to be within the scope of F.R.C.P. 26(c)(7). Confidential Information may take the form of, but is not limited to, (a) documents, interrogatories, requests for admission, and answers thereto; (b) transcripts of depositions and exhibits thereto; and (c) all copies, abstracts, excerpts, analyses, and complete or partial summaries prepared from or containing, reflecting, or disclosing such Confidential Information.

3. Confidential Information may be disclosed only to "Qualified Persons," as that term is defined in Paragraph 5, below, and used only in connection with this Litigation and for no other purpose, except as expressly provided in Paragraph 10 herein. All Qualified Persons receiving Confidential Information shall be bound by the terms of this Stipulated Protective Order.

4. Designation of Confidentiality:

(a) Any documents, material, or information to be designated as Confidential Information may be so designated either by stamping or marking the document, material or information with the legend "CONFIDENTIAL," or by a statement on the record at a deposition or hearing or within seven (7) days thereafter. Each and every page of each document designated as Confidential Information shall be stamped or marked "CONFIDENTIAL" by the party so claiming in such a manner that that stamp or mark does not obscure the contents or legibility of the document or things so designated. The parties agree only to invoke this designation based on a good faith belief that the information is entitled to protection under this Order. In the event a party to this litigation uses an inside or outside photocopy service company in the production of documents for discovery-related purposes, the photocopy service entity and employees will be

deemed agents of the party using the service. It is also agreed among the parties that documents of third parties produced in this action by either the defendant or directly by third parties may be designated as confidential pursuant to the terms of this agreement, and thereby receive all the rights afforded by this agreement. The use of a photocopy service, including providing the service with copies of Confidential documents to copy, will not be deemed to waive any applicable privileges associated with said documents.

      (b)    All deposition testimony will be designated initially as Confidential Information. Such designation shall expire seven (7) days after a party's receipt of the transcript of the deposition unless the party designates, in writing, the portions to be treated as Confidential Information. Any dispute regarding the designation of deposition testimony as "Confidential Information" will be handled in accordance with the terms of Paragraph 8 below.

5.    Confidential Information may be disclosed or made available by counsel of record for the party receiving such information only to Qualified Persons. For the purpose of this Agreement, the term "Qualified Persons" means:

      (a)    This Court (and any appellate court), including court personnel, jurors and alternate jurors;

      (b)    court reporters;

      (c)    inside and outside counsel to the named parties to the Litigation, associate attorneys, paralegal, clerical, secretarial, and other staff employed by such counsel, or copy service personnel responsible for copying documents or materials in connection with the Litigation, who such counsel shall determine have a need for access to such information.

(d)   the parties or the officers, employees, or principals of a party, who are actually assisting counsel in the consideration or prosecution of the claims, or the defense thereof, asserted in the Litigation.

(e)   persons identified in a document designated as "Confidential" as an author of the document in part or in whole, or persons to whom a copy of such document was sent prior to its production in the Litigation;

(f)   anticipated and actual deponents and anticipated and actual trial fact witnesses other than the named parties to the Litigation; and

(g)   independent outside experts, advisors or consultants (other than employees, officers, or directors of any party) retained by counsel of record in the Litigation.

6.   Prior to any disclosure of Confidential Information to any Qualified Person defined in paragraphs 5(d), 5(f) and 5(g), counsel of record for the party proposing to make such disclosure shall ensure that a copy of this Stipulated Protective Order has been delivered to such person, and shall obtain that person's written agreement to be bound by the terms of this Stipulated Protective Order and consent to the Court's jurisdiction for purposes of enforcing this Stipulated Protective Order.  The requirements of obtaining such written agreement may be satisfied by obtaining the signature of any such person on a copy of Exhibit A to this Stipulated Protective Order, after having had such person read this Stipulated Protective Order and having explained the contents thereto such person.

7.   All Qualified Persons who have received Confidential Information pursuant to this Stipulated Protective Order shall safeguard such information so as to avoid any disclosure of that information, except as provided in this Stipulated Protective Order.

8. Any party to the Litigation to whom Confidential Information is produced or disclosed may object at any time during the course of this Litigation to the "Confidential" designation. The objection shall be made in writing to counsel for the Designating Party. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If any such dispute cannot be resolved, the Designating Party shall file a motion within 10 days of the written objection to obtain a ruling from the Court as to whether the disputed information is subject to the terms of this protective order. In the event of a motion concerning the designation of information as "Confidential," all materials the designation of which is so objected to shall continue to be treated as Confidential Information until the Court rules to the contrary. No party to this Litigation shall, by treating information as Confidential, be deemed to have conceded that the information actually is Confidential.

9. Documents, deposition transcripts, or other materials or information designated as "Confidential" shall be used by the persons **receiving** them only for the purpose of preparing for and conducting the Litigation. Any use or disclosure of such documents, materials or information for any other purposes is a direct violation of this Stipulated Protective Order.

10. Nothing herein shall prevent any party or third-party who has received Confidential Information pursuant to this agreement from producing such Confidential Information in response to a lawful subpoena or other compulsory process, provided that any party or third-party receiving such subpoena or process shall as soon as reasonably practical give notice thereof to the Designating Party by telephone and facsimile and shall furnish the Designating Party with a copy of the subpoena or other compulsory process so as to afford the Designating Party a reasonable opportunity to seek a protective order. In the event that

production of such Confidential Information is made notwithstanding such prompt application for a protective order, it shall continue to be treated as Confidential Information by all persons subject to this Stipulated Protective Order unless and until this Court shall otherwise direct.

11. In the event it is necessary for the parties to file Confidential Information with the Court in connection with any pretrial proceedings, the information shall be filed in a sealed envelope in accordance with D.C.Colo.LCivR 7.2 and 7.3. Any pleadings or briefs filed by the parties that either quote or discuss the contents of information designated as Confidential Information shall be filed in a sealed envelope in accordance with D.C.Colo.LCivR 7.2 and 7.3.

12. Return of Confidential Information:

(a) All Confidential Information, and all copies thereof, shall be returned to counsel for the Designating Party producing such documents within forty-five (45) days after the final conclusion of the Litigation, including appeals, except that counsel for the parties may keep an office file of internal memoranda, discovery responses without exhibits, deposition transcripts, pleadings and briefs without exhibits notwithstanding that they contain Confidential Information, so long as they are kept in accordance with the terms of this Stipulated Protective Order; documents that are designated Confidential may not be retained following the final conclusion of the Litigation. As an alternative to the return of documents specified in the preceding sentence, confidential documents may be destroyed by burning or shredding, provided that the party and its counsel provide to counsel for the Designating party, within forty-five (45) days after the final conclusion of the litigation, a written certification under oath, made under penalty of perjury, that such confidential documents have been destroyed in compliance with this paragraph. Counsel for the parties, may within sixty (60) days following the final conclusion of the Litigation, including

appeals, and with notice to the other parties who may object within seven (7) days thereof, withdraw all documents containing Confidential Information that have been filed with the Court to the extent permitted to do so by the Court and the Clerk of the Court.

(b)    In the event that, after the final conclusion of this Litigation, litigation is initiated against counsel for any party to this action for legal malpractice, breach of fiduciary duty, or similar theory based on counsel's handling of this Litigation (a "Subsequent Action"), and in the further event the defendant in such Subsequent Action reasonably believes that Confidential Information produced in this Litigation may be relevant to the defense of the Subsequent Action, then such defendant may, to the extent authorized by the Court having jurisdiction over such Subsequent Action, propound third-party discovery on the Designating Party seeking production of Confidential Information for use in the defense of the Subsequent Action. The Designating Party shall give all appropriate cooperation in complying with such discovery. All use of Confidential Information in a Subsequent Action shall be subject to the terms of this Order, and the defendant in the Subsequent Action shall return or destroy all Confidential Information produced pursuant to this sub-paragraph (b) in the manner provided in sub-paragraph (a) above. Each Designating Party shall keep one complete copy of its own Confidential Information for five years following the final conclusion of this Litigation.

13.    Nothing in this Stipulated Protective Order shall prejudice the right of any party to make any use of or disclose to any person any material it has itself designated as Confidential Information, without prior court order, or to waive the provisions of this Stipulated Protective Order with respect to any Confidential Information.

14. Nothing contained in this Stipulated Protective Order shall affect the right of either party to make any objection, claim or other response to interrogatories, requests to admit, requests for production of documents or to any questions at deposition. At any time after first consulting with opposing counsel in an effort to resolve differences as described above in paragraph 8, upon motion duly served and filed, either party may bring before the Court the question of whether this Stipulated Protective Order should be restricted, enlarged, or otherwise modified, generally or with respect to specific items of information or specific persons. Nothing in this Stipulated Protective Order shall prevent any party from seeking other or different protection for documents or things or information. However, except as expressly provided in paragraph 12 hereof, any unilateral right to petition the Court to restrict, enlarge or otherwise modify this Stipulated Protective Order, or any right to contest a party's designation of any document produced during the course of the Litigation as "Confidential" shall not survive the termination of this Litigation.

15. The Plaintiff, including his attorneys, will not assist or support any non-party, such as an intervenor or collateral litigant, in any action or effort at any time to discover or gain access to documents produced by defendant during the course of the Litigation designated as "Confidential," documents placed under protective seal or any documents produced in discovery pursuant to and/or in reliance upon this "Stipulated Protective Order."

16. Except as expressly provided in Paragraph 12 hereof, following the termination of this Litigation, the Plaintiff, including his attorneys, will not seek for themselves or anyone else, access to documents produced by defendant during the course of this Litigation designated as "Confidential," documents placed under protective seal or any documents produced in discovery pursuant to and/or in reliance upon this "Stipulated Protective Order," and furthermore will not

8

seek or support the unsealing of such documents and will not seek or support the modification of any protective order regarding such documents.

17. It is hereby understood and acknowledged by the parties that it is their intention that the protections of this "Stipulated Protective Order" extend to any documents produced pursuant to it, including those documents which may be attached to any motions including both dispositive and non-dispositive motions. To the extent that documents are attached to motions or otherwise filed with the court, which have been designated confidential, the parties agree that same shall be filed under seal.

18. The parties may at any time stipulate to a modification of this Stipulated Protective Order by the Court as to any particular portion of this Confidential Information without affecting the continuing validity of this Stipulated Protective Order as to any other Confidential Information.

19. Nothing in this Stipulated Protective Order shall constitute or be used by any party as an "admission by party opponent."

20. In the event any person shall violate or threaten to violate any of the terms hereof, the aggrieved party may seek any appropriate remedy from the Court and no party hereto shall raise as a defense to a request for injunctive relief that the aggrieved party has an adequate remedy at law.

21. The provisions and terms of this Stipulated Protective Order shall survive the termination of the Litigation.

22.     Until this Stipulated Protective Order has been signed by the Court, it shall be effective as an agreement among the parties immediately upon its execution by counsel of record for all parties.

**AGREED AND ACCEPTED:**

Date:   October 11, 2007          s/ Colleen Parsley
                                  Colleen Parsley, Gregory A. Gold
                                  Kiel Trueax & Gold, L.L.C.
                                  7375 East Orchard Road, Suite 300
                                  Greenwood Village, CO 80111
                                  (303) 694-2666

                                  **Attorney for Plaintiff**


Date:   October 11, 2007          s/ Marian Lee
                                  Marian Lee
                                  Terence M. Ridley
                                  John M. Vaught
                                  Wheeler Trigg Kennedy LLP
                                  1801 California Street, Suite 3600
                                  Denver, Colorado 80202
                                  Telephone:  (303) 244-1800

                                  and


Date:   October 11, 2007          s/ Peter Valeta
                                  **Peter J. Valeta**
                                  **MECKLER BULGER & TILSON LLP**
                                  **123 N. Wacker Drive, Suite 1800**
                                  **Chicago, IL 60606**
                                  **Telephone:  (312) 474-7900**

                                  Attorneys for Defendants Allstate
                                  Insurance Company and Sandra Perkins

Dated at Denver, Colorado this 11th day of October, 2007.

                                                        BY THE COURT:

                                        s/ Michael E. Hegarty
                                        Michael E. Hegarty
                                        United States Magistrate Judge

# EXHIBIT A

<u>NON-DISCLOSURE AGREEMENT</u>

I hereby acknowledge that I have read the Stipulated Protective Order relating to Confidential Information entered in *Codiejo Apodaca, et al. v. Allstate Insurance Company, et al.,* United States District Court for the District of Colorado Civil Action No. 07-cv-00937-EWN-MEH, I agree to be bound by its terms, and I consent to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcing the Stipulated Protective Order.

_____
Signature

_____
Type or print name

_____
Address

_____

_____
Date